*440 OPINION.
Sternhagen
: By the terms of the contract the taxpayer is required to deposit Indianapolis improvement bonds1 — not necessarily those covering the contract work — or United States bonds, or cash, as a fund to guarantee the proper maintenance and repair of the improvement. In some instances the taxpayer deposited United States Liberty bonds, but usually the city withheld improvement bonds or *441 cash, received from the assessment of the improvement. We have already held that if the taxpayer, out of its contract price, set aside a reserve for the performance of its obligation to maintain, this would not reduce its taxable net income, either on the cash basis, Consolidated Asphalt Co., 1 B. T. A. 79, or on the accrual basis, Uvalde Company, 1 B. T. A. 932. See also Chapin Construction Co., 3 B. T. A. 25; Thomas Cronin Co. v. Lewellyn, 9 Fed. (2d) 974. If, in the present appeal, the contractor in fact received the contract price and in fact transferred cash or bonds to the city for deposit as required, the contract price would have been income notwithstanding the deposit or pledge for proper maintenance. But the procedure was simplified, and the city retained the deposit fund in the first instance. The fact that it did so with the heavy hand of its municipal power does not change the taxpayer’s contractual right to the full compensation and its obligation to make deposit. The legal effect is quite the same. And this is especially so under the accrual system adopted by the taxpayer, by which it elected to determine its income not by actual receipts but by receivables. The deposit fund is no more the subject of deduction as “maintenance reserve” when it is in the possession of the city than when it is retained by the taxpayer and set up on its books, as in the appeals cited.